UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MAKAYLA WHITFIELD,

                            Plaintiff,

    -against-

THE CITY OF NEW YORK,
SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113),
and SCHOOL SAFETY AGENT DANIELLE RAMSEY
(SHIELD 3872),

                            Defendants.
-------------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, MAKYALA WHITFIELD, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MAKAYLA WHITFIELD, is currently a resident of the County of Queens, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. The Defendant City of New York and the NYPD maintain the School Safety Division of the NYPD, a duly authorized public authority and/or school safety division of the NYPD, authorized to perform all functions of a police department and school safety department, acting under the direction and supervision of the aforementioned municipal corporations the Defendant City of New York and the NYPD.

10. At all times hereinafter mentioned, the individually named defendant, DEFENDANT SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113), was a duly sworn member

2

of said department and was acting under the supervision of said department and according to her official duties. DEFENDANT SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113) is sued herein in her official and individual capacities.  At all times hereinafter mentioned, DEFENDANT SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113) was assigned to the School Safety Division of the NYPD.

11. At all times hereinafter mentioned, the individually named defendant, DEFENDANT SCHOOL SAFETY AGENT DANIELLE RAMSEY (SHIELD 3872) was a duly sworn member of said department and was acting under the supervision of said department and according to her official duties. DEFENDANT SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113) is sued herein in her official and individual capacities.  At all times hereinafter mentioned, DEFENDANT SCHOOL SAFETY AGENT TIFFANY JONES (SHIELD 5113) was assigned to the School Safety Division of the NYPD.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On March 1, 2016, at approximately 7:00 p.m., Plaintiff MAKAYLA WHITFIELD was lawfully present inside of 283 Adams Street, County of Kings, City and State of New York, also known as Plaintiff's then-high school, Adams Street Academy.

16. At the time of this incident, Plaintiff was 17-years-old.

17. At that time and place, Plaintiff had just finished playing in her high school's basketball game and was exiting the school's locker room with her teammates.

18. At that time and place, the Defendant School Safety Agent TIFFANY JONES was present on duty and in uniform.

19. Defendant School Safety Agent TIFFANY JONES approached the Plaintiff without any justification, warning, or excuse, and pulled Plaintiff's hair, and punched her in the face.

20. At this time, without any justification, warning, or excuse, Defendant School Safety Agent DANIELLE RAMSEY pushed Plaintiff and placed Plaintiff in a chokehold and began choking her.

21. Both of the individual Defendants then proceeded to choke and hit Plaintiff on her body and head.

22. The Plaintiff was not engaged in any violent or threatening behavior.

23. It was objectively unreasonable for the Defendants to assault Plaintiff and to use any level of force against her, much less the force they actually used.

24. Plaintiff was not engaged in any illegal or suspicious activity.

25. Nonetheless, Plaintiff was placed in handcuffs and was formally arrested.

26. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants searched Plaintiff.

27. There was no reasonable basis for the Defendants to approach and search Plaintiff.

28. The search revealed no evidence of any guns, drugs or contraband.

29. At no time on March 1, 2016 did Plaintiff commit any crime or violation of law.

30. At no time on March 1, 2016 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

31. At no time on March 1, 2016 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

32. Nevertheless, Plaintiff remained in the custody of the Defendants and was taken to a local area hospital to receive treatment for the injuries she sustained at the hands of the Defendants, and to be medically examined due to her asthma.

33. Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

34. Plaintiff was held for several hours at the stationhouse before she was transported to Kings County Central Booking where she was held for several hours pursuant to false allegations made by the Defendants.

35. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendants Jones and Ramsey.

36. Plaintiff was released from custody at her arraignment and was forced to return to court for several months before the charges against her were dismissed when she acceded to an adjournment in contemplation of dismissal.

37. The Defendants provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

38. Defendant Jones informed the district attorney's office that Plaintiff, acting in concert with an unapprehended other, struck her in the face, causing her head and body to knock against

the cement wall multiple times, causing Defendant Jones to fall to the floor.

39. These and other statements are false and Defendant Jones knew these statements were false when they were made.

40. Upon information and belief, Defendant Ramsey also knew these statements were false, and failed to intervene to correct the false statements and instead signed the criminal complaint used to charge Plaintiff.

41. Pursuant to Defendants' false allegations, Plaintiff was charged with two counts of assault, one count of attempted assault, one count of harassment, and one count of disorderly conduct.

42. As a result of the foregoing, Plaintiff Makayla Whitfield sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, and deprivation of her constitutional rights.

43. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures,

and rules of THE CITY OF NEW YORK, New York City Police Department, the New York City School Safety Division, all under the supervision of ranking officers of said department and division.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR EXCESSIVE FORCE AND FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff Makayla Whitfield repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and excessive force, and caused to sustain injuries requiring medical treatment.

50. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

51. As a result of the foregoing, Plaintiff's liberty was restricted, she was put in fear for her safety, and she was falsely arrested without probable cause.

52. As a result of the foregoing, Plaintiff's liberty was restricted, she was put in fear for her safety, and she was subjected to excessive force without any legal justification.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

53. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. Defendants falsely arrested and used excessive force against plaintiff MAKAYLA WHITFIELD, in the absence of any legal justification to do so, notwithstanding their knowledge that said force and said arrest was unnecessary and unconstitutional, and would jeopardize Plaintiff's liberty, well-being, safety, and violate her constitutional rights.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as school safety officers and officials, with all actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as school safety officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Those customs, policies, patterns, and practices include, but are not limited to:

    i. failing to properly train school safety officers in how to interact with minors and students;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train school safety officers in the requirements of the United States Constitution.

58. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. using excessive force against minors and students;

    ii. using force against minors and students where it is not necessary;

    iii. falsifying evidence and testimony to support the use of excessive force and false arrest;

    iv. falsifying evidence and testimony to cover up the misconduct of school safety officers.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, MIKAYLA WHITFIELD.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was beaten and subjected to excessive force, and was falsely arrested.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

65. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 1, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

10